In re Ronald JOHN and Mary Ceros Rudnik, Debtors.

No. BKY 10–30484.

United States Bankruptcy Court, D. Minnesota.

Sept. 13, 2010.

Elaine D. Wise, John D. Lamey, III, Lamey Law Firm, P.A., Oakdale, MN, for Debtor.

Colin Kreuziger, U.S. Trustee Office, Minneapolis, MN, for U.S. Trustee.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard August 2, 2010, on motion of the United States Trustee to dismiss the case pursuant to 11 U.S.C. § 707(b)(1)-(3). Appearances on behalf of the parties are noted in the record of the proceeding. The Court, having considered the testimony and documentary evidence received and having reviewed the briefs filed by the parties, now being fully advised in the matter, makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

This dispute arises from competing means test calculations by the parties using Form B22A.[1] While there are several

---

1. The parties agree that the debtors' debts are primarily consumer debts and that 11 U.S.C. § 707(b)(1)-(3) requires a means test through calculations provided for by Form B22A. The

differences in the calculations, the determinative one is in the computation of tax expenses under paragraph 25. The debtors use a calculation which traditionally has resulted in large federal and state tax refunds. The Trustee's number is based on a calculation of the debtors' actual tax liability on gross income. The debtors' number leaves them with a negative monthly disposable income of ($742.00), while the trustee's numbers results in a disposable income of at least $781.10, using all of the other calculations on the Form B22A prepared by the debtors. The Court concludes that the debtors are not entitled to calculate tax expenses other than on actual tax liability and finds that the trustee's figures are the correct numbers. The means test results in disposable income triggering a presumption of abuse in the Chapter 7 filing. The presumption has not been rebutted, and the case must be dismissed unless the debtors voluntarily convert it to Chapter 13.

## II

■ The debtors listed monthly tax expenses in paragraph 25 of Form B22A at $3,262.32, apparently based on their prepetition federal and state income tax withholding. Prior years withholding resulted in substantial tax refunds, $7,677 for the taxable year 2009, for instance. The highest actual monthly tax liability estimated for the taxable year 2010 calculated by the trustee is $1,739. When substituted for the debtors' figure, the difference of $1,523.32 results in a monthly disposable income of $781.10, using all of the debtors' other calculations. Debtors are not entitled to arbitrarily select tax withholding for paragraph 25 of Form B22A. Only actual tax liability can be used as the basis

for the calculation. *In re John Peers Robrock,* 430 B.R. 197, 208 (Bankr.D.Minn. 2010).

11 U.S.C. § 707(b) provides, in pertinent part:

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. In making a determination whether to dismiss a case under this section, the court may not take into consideration whether a debtor has made, or continues to make, charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3)) to any qualified religious or charitable entity or organization (as that term is defined in section 548(d)(4)).

(2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—

(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or

(II) $10,000. . . .

trustee alternatively seeks dismissal under § 707(b)(2)(A) and the totality of the circumstances, 11 U.S.C. § 707(b)(3)(B). Because

the Court finds abuse under § 707(b)(1), § 707(b)(3)(B) is not considered.

The Code goes on to describe the various components and calculations that are to be used in determining a debtor's current monthly income. In this case, a presumption of abuse arises under § 707(b)(2)(A) when the debtors have more than $182.50 in monthly disposable income. Because, by their own calculations, adjusted by actual tax expenses, the $182.50 is exceeded, the presumption of abuse has arisen.

█ The debtors argue that "special circumstances" exist to rebut the presumption. Section 707(b)(2)(B) provides, in pertinent part:

  (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating **special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.**

  (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—

    (I) documentation for such expense or adjustment to income; and

    (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

*See* 11 U.S.C. § 707(b)(2)(B) (Emphasis added). Basically, the debtors claim that they will receive significantly less income under demotions that have already been declared by their employer, the U.S. Postal Service. But, the pay adjustments are not currently scheduled to go into effect until 2012, and they might never go into effect. Even if they do, the reductions, while perhaps justifying an amended Chapter 13 plan in the future, do not preclude the ability of the debtors to fund a plan now.[2] The "special circumstances" sufficient to rebut the § 707(b)(1) presumption are narrow and not easily met. *See In re Rieck,* 427 B.R. 141, 146 (Bankr. D.Minn.2010). The debtors have not demonstrated special circumstances in this case.

### III

Accordingly, based on the forgoing, IT IS HEREBY ORDERED: The debtors' case shall be dismissed as an abusive filing under 11 U.S.C. § 707(b)(1), unless they voluntarily convert to Chapter 13 within thirty days of the entry of this order.

---

2. The debtors are currently making monthly contributions to 401(k) plans in the approximate amount of $1,000. Additionally, they are allowing their home to be foreclosed and will no longer have mortgage payments exceeding $3,000 monthly. Eventually, the debtors plan to rent at approximately $1,500 monthly.